IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NIRIN WALLS,** **#R49110,** | |
| Plaintiff, | Case No. 21-cv-01369-SPM |
| v. | |
| **DOCTOR SHAH,** *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on two motions filed by Plaintiff Nirin Walls regarding service and responses to the Complaint. In the first motion, Walls does not request any relief from the Court. Rather, he points out that the deadline for Defendants to return their waivers of service has passed, and their waivers have not been signed and returned. (Doc. 19). In the second motion, Walls states that Defendant Nalewajka was ordered to file an answer to the Complaint by June 21, 2022, and has failed to do so. (Doc. 23). He asks the Court to find Nalewajka in default. Walls also states that the Court never received a signed waiver from Defendant Pelegrin and asks the Court to order Pelegrin to execute the waiver.

The motion filed on May 27, 2022, is **DENIED.** (Doc. 19). As stated, Walls does not ask the Court for any type of relief. Additionally, at that point in time, the requests for waiver of service had not been successfully served on Defendants Pelegrin and Shah because they no longer worked at the address provided by Walls. Nalewajka did not return her waiver of service until ten days after the deadline, but the Court finds this delay harmless and does not prejudice Walls at this stage in the case. (Doc. 21). Thus, to the extent Walls is seeking the entry of default based on failure to

timely return the waivers of service, the motion is denied.

The motion filed on June 30, 2022, is **GRANTED in part** and **DENIED in part.** (Doc. 23). Walls's request for the Court is direct Pelegrin to answer the waiver is **DENIED**. The address for Pelegrin provided by Walls was not correct, and on June 30, 2022, the Clerk sent a second request for waiver at a new address provided by Centralia Correctional Center. The waiver of service for Pelegrin is not due until August 1, 2022. (Doc. 24).

As for Defendant Nalewajka, she was successfully served and directed to file an answer to the Complaint by June 21, 2022. (Doc. 21). As of this date, she has failed to move, answer, or otherwise plead in response to the Complaint. The Federal Rules of Civil Procedure provide that the Clerk of Court must enter default against a defendant who has failed to plead or otherwise defend. FED. R. CIV. P. 55(a). Accordingly, to the extent Walls is seeking an entry of default against Defendant Nalewajka, the motion is **GRANTED.** (Doc. 23). The Court **ORDERS** as follows:

(1) The Clerk of Court is **DIRECTED** to **ENTER DEFAULT** against Defendant Nalewajka in accordance with Federal Rule of Civil Procedure 55(a).

(2) Plaintiff is **ORDERED** to move for default judgment against Defendant Nalewajka on or before **July 27, 2022**, in accordance with Federal Rule of Civil Procedure 55(b).

(3) If Plaintiff fails to move for default judgment as set forth in this Order, this entire action will be dismissed as to Defendant Nalewajka for failure to prosecute and/or failure to comply with an order of the Court.

(4) The Clerk of Court is **DIRECTED** to transmit a copy of this Order and the entry of default to Plaintiff and to Defendant Nalewajka.

**IT IS SO ORDERED.**

**DATED:   July 6, 2022**

　　　　　　　　　　　　　　　　　　　　　　　　　　　_s/Stephen P. McGlynn_
　　　　　　　　　　　　　　　　　　　　　　　　　　　**STEPHEN P. MCGLYNN**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**