IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NIRIN WALLS,**
**#R49110,**
        **Plaintiff,**

**v.**                                            Case No. 21-cv-01369-SPM

**LANA NALEWAJKA** *et al.***,**

        **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    This matter is before the Court on a Motion to Set Aside Default filed by Defendant Lana Nalewajka and a Motion for Default Judgment filed by Plaintiff Nirin Walls. (Doc. 30, 32). Walls has also filed a motion asking the Court to direct Centralia Correctional Center to contact Defendant Shah at his new place of employment so that he may be served. (Doc. 31).

    Defendant Nalewajka was successfully served and directed to file an answer to the Complaint by June 21, 2022. (Doc. 21). She failed to do so. Accordingly, the Court directed that default be entered against Nalewajka on July 6, 2022. (Doc. 25). On July 14, 2022, Nalewajka filed a motion to set aside default. (Doc. 30). That same day, Walls filed a motion for default judgment. (Doc. 32).

    Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

    Nalewajka has met the standard for vacating the entry of default. Specifically, she has shown

good cause for default and acted quickly to correct the error. Nalewajka's Defense Counsel explains that Nalewajka waived the service of summons and timely requested representation from the Office of the Attorney General. However, the Office of the Attorney General is currently understaffed and experiencing an increase in case referrals. Defense counsel was not assigned representation of Nalewajka until July 12, 2022. Defense counsel took quick action to resolve the issue and, once she was assigned to the case, entered her appearance and promptly filed this motion to vacate default. Finally, Nalewajka has meritorious defenses and asks for additional time to file a responsive pleading.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Nalewajka has met the requirements of Rule 55(c) and **GRANTS** the Motion to Set Aside Default. (Doc. 30). The Entry of Default (Doc. 26) is **VACATED**. The Motion for Default Judgment filed by Walls (Doc. 32) is **DENIED**. *See Passarella v. Hilton Intern. Co.*, 810 F. 2d 674, 677 (7th Cir. 1987) ("a default judgment, like a dismissal, is a harsh sanction which should be employed only in extreme situations, or when other less drastic sanctions have proven unavailing") (citations omitted). Defendant Nalewajka has until **August 9, 2022,** to file an Answer to the Complaint.

The motion asking the Court to direct Centralia to contact Defendant Shah at his new address of employment is **DENIED.** (Doc. 31). The Court received an updated address for Dr. Shah, and he has been successfully served. (Doc. 22). His answer to the Complaint is due August 1, 2022. The request that the Clerk update the addresses of Defendants on the docket is also **DENIED.** As stated in the merit review order, the address of Defendants is retained by Clerk of Court and is not disclosed on the docket. (Doc. 16).

    **IT IS SO ORDERED.**

    **DATED:   July 19, 2022**

                                                       *s/Stephen P. McGlynn*
                                                       **STEPHEN P. MCGLYNN**
                                                       **United States District Judge**