IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NIRIN WALLS,** **#R49110,** | |
| Plaintiff, | Case No. 21-cv-01369-SPM |
| v. | |
| **LANA NALEWAJKA,** *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on three motions filed by Plaintiff Nirin Walls: a motion for reconsideration and two motions for status. (Doc. 88, 90, 92).

Plaintiff asks the Court to reconsider the order denying his motion for recruitment of counsel (Doc. 81) and the order denying the motion for leave to file an amended complaint (Doc. 86). He argues that at the time of filing the amended complaint, he put this Court on notice that he was having and continues to have seizures and suffers from "mental impairment disability." (Doc. 88, p. 1-2). Plaintiff believes these conditions have impaired his ability to litigate this case. He asks the Court to reconsider assigning him counsel and allow counsel to draft an amended complaint on his behalf.

Under Rule 54(b) of the Federal Rules of Civil Procedure, the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell*

*Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Ahmed v. Ashcroft,* 388 F. 3d 247, 249 (7th Cir. 2004).

Here, Plaintiff presents the same arguments previously before the Court. Although, Plaintiff suffers from seizures and mental disabilities, the record shows that Plaintiff has been a zealous advocate for himself throughout this case. He consistently requests for status updates (Doc. 12, 14, 15, 23, 46, 76, 81), he has filed a motion for extension when needed, and filed responses in opposition to the motions for summary judgment on exhaustion. Currently, the issue regarding whether Plaintiff has exhausted his administrative remedies is still before the Court and discovery on the merits is stayed. If this case moves to merits discovery and Plaintiff continues to have difficult litigating, he may refile his motion seeking court recruited counsel. Until then, Plaintiff has not demonstrated that the Court has committed a manifest error of law or fact warranting reconsideration of its previous orders. The motion for reconsideration is **DENIED.** (Doc. 88).

Plaintiff's motions regarding the status of this case are **GRANTED.** (Doc. 90, 92). Defendants Pelegrin and Nalewajka have filed notices with the Court requesting a hearing on whether Plaintiff exhausted his administrative remedies as to Count 2 in compliance with the Court's Order at Doc. 87. The Court will set the matter for a hearing in a separate order. The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet.

**IT IS SO ORDERED.**

DATED:   October 17, 2023

                                                        *s/Stephen P. McGlynn*
                                                        **STEPHEN P. MCGLYNN**
                                                        **United States District Judge**