IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NIRIN WALLS,**<br>**#R49110,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**LANA NALEWAJKA,**<br>**DOCTOR SHAH, and**<br>**JODI A. PELEGRIN,**<br><br>          **Defendants.** | Case No. 21-cv-01369-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on the issue of whether Plaintiff properly exhausted his administrative remedies as to his allegations that Defendants Pelegrin and Nalewajka violated his Eighth Amendment rights by failing to impose a medical hold on him resulting in his transfer and delay of medical care (Count 2) or whether he was prevented from doing so. The Court held a hearing on the issue on February 29, 2024, and heard testimony from Nicole Benitez, the grievance office coordinator at Dixon Correctional Center, and Plaintiff. After hearing from the witnesses and reviewing the record, the Court finds that the administrative process was unavailable, and the motion for summary judgment as to Count 2 against Pelegrin and Nalewajka is denied.

### BACKGROUND

Plaintiff Nirin Walls, an inmate in the custody of the Illinois Department of Corrections, is proceeding in this case, pursuant to 42 U.S.C. § 1983, on the following constitutional claims:

**Count 1:** Eighth Amendment claim against Nalewajka, Shah, and Pelegrin for deliberate indifference to Plaintiff's serious medical condition, which causes urinary, stomach, and testicular pain and causes him

>           to produce blood, white blood cells, and mucus when urinating.
>
> **Count 2:**   Eighth Amendment claim against Pelgrin and Nalewajka for failing to impose a medical hold on Plaintiff resulting in his transfer and delay of medical care.

(Doc. 16). Plaintiff alleges that in July 2020, while at Centralia Correctional Center (Centralia), he began urinating blood, white blood cells, and mucus. Plaintiff had an appointment with Dr. Shah, but Dr. Shah did not prescribe him any medication. Plaintiff was subsequently seen by Dr. Pelegrin, who treated Plaintiff with ineffective antibiotics. During this time, Plaintiff also complained to Dr. Pelegrin of severe testicular and stomach pain. Dr. Pelegrin prescribed phenazopyridine, but this medication made the urinary bleeding worse.

Plaintiff was scheduled to see an outside specialist, Dr. Reagan, on November 24, 2020. Dr. Reagan, however, was unable to exam Plaintiff because proper COVID-19 protocols were not followed prior to the appointment. Dr. Reagan ordered further diagnostic testing.

By December, Plaintiff's pain had increased, but Dr. Pelegrin did not take any action. Dr. Pelegrin did not follow-up with the diagnostic tests recommended by Dr. Reagan and did not prescribe Plaintiff any pain medication or any other medicine for his condition. Dr. Pelegrin and Health Care Unit Administrator Nalewajka allowed Plaintiff to be transferred to Dixon Correctional Center (Dixon) in February 2021, even though he should have had a medical hold in his record. The transfer resulted in further delay in his treatment.

On September 20, 2023, the Court issued an order denying Defendants' motions for summary judgment on the issue of exhaustion. (Doc. 87). The Court found that Plaintiff had exhausted his claims in Count 1 against Defendants Shah and Pelegrin.[1] (Doc. 87, p. 9). Plaintiff's complaints regarding inadequate medical care were ongoing and current when the grievance at

---

[1] Defendant Nalewajka did not argue that Plaintiff failed to exhaust his administrative remedies as to Count 1 against her.

issue was filed, and therefore, the Administrative Review Board wrongly dismissed his grievance as untimely. (*Id.*). Additionally, the grievance sufficiently put Centralia officials on notice that Dr. Shah and Dr. Pelegrin were two of the medical providers who were aware of Plaintiff's medical issues and were not adequately addressing them. (*Id.*).

As to Count 2, Plaintiff claimed that he filed grievances complaining about the lack of a medical hold and his transfer delaying his care. These grievances, however, went missing, and he never received copies of the grievances despite his requests. The grievances were recorded in the grievance log, but none of the parties submitted copies to the Court. Based on the record, the Court could not say as a matter of law that Defendants had met their burden of demonstrating that Plaintiff had available remedies that he did not utilize. Thus, summary judgment on Count 2 was inappropriate based on the briefs, and a hearing was held on February 29, 2024,[2] to resolve these disputed issues. *See Pavey v. Conley*, 544 F. 3d 739 (7th Cir. 2008).

### LEGAL STANDARDS

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). However, a prisoner need only exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a); a prisoner

---

[2] The *Pavey* hearing had to be rescheduled twice. The original hearing set for December 11, 2023, was rescheduled because the facility failed to bring Plaintiff to the video conference room on the day of the hearing. (Doc. 116, 119). The following hearing was canceled and reset due to inclement weather. (Doc. 128).

"need not exhaust unavailable ones." *Ross v. Blake,* 578 U.S. 632, 642 (2016). "A prison's failure to give an inmate access to grievance forms, or respond to them, can render the process unavailable." *Daniels v. Baldwin,* No. 21-1686, 2022 WL 1768857, at *2 (7th Cir. June 1, 2022) (citing *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)).

Whether a claim has been exhausted pursuant to Section 1997e(a) is a determination for a judge—not a jury—to make. *Pavey v. Conley*, 544 F.3d 739, 741-42 (7th Cir. 2008). If a *Pavey* hearing is held due to an issue of fact about exhaustion of administrative remedies, the court hears evidence, finds facts, and determines credibility. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). The burden of proof is on the defendants to demonstrate that the prisoner failed to exhaust available administrative remedies. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Generally, a defendant will need to do more to carry the burden than plainly allege that no grievance exists, a defendant might meet said burden by submitting additional evidence such as grievance logs, counseling summaries, or evidence about the routine function of the grievance procedure. *See e.g., Daniels v. Prentice,* 741 Fed. App'x 342, 343-44 (7th Cir. 2018).

## ANALYSIS

The Court finds that Defendants have failed to demonstrate that administrative process was available to Plaintiff. According to Plaintiff's testimony and exhibits, he filed six grievances at Centralia that remained unresolved prior to his transfer to Dixon. He asserts that in three of those grievances he complained about the failure of Defendants to implement a medical hold and his transfer from Centralia to Dixon impacting his medical care: Grievance #E-21-2-40, Grievance #E-21-2-25, and a grievance that he described as not being an emergency and having five pages. Although Plaintiff could not recall the number of this last grievance during the hearing, the Court

assumes that the unspecified grievance is Grievance #21-2-41. This grievance is identified in Plaintiff's response in opposition to the motions for summary judgment (Doc. 70, p. 1) and described in a subsequent grievance has having five pages (Doc. 65, p. 7).

At the hearing, Plaintiff recounted his efforts to retrieve these missing grievances and complete the administrative complaint process. After his transfer, Plaintiff wrote a request, dated February 8, 2021, to Nicole Benitez inquiring about his "grievances from Centralia." (Doc. 70, p. 9). Benitez informed Plaintiff the grievances would be forwarded to him as they go through the process. (*Id.*). She stated that some grievances would need to be answered first at Centralia. (*Id.*). Plaintiff testified that the six grievances were eventually returned to him at Dixon in March 2021. He then resubmitted them for next level review by placing them in the designated box in front of a video camera at Dixon. (*See* Doc. 70, p. 7, 9).[3] He wrote a request slip to Benitez again on March 23, 2021, asking about the status of his grievances. She responded that she could not explain where they were and directed Plaintiff to request copies for the records office, "we can try and process from there." (*Id.*).

On April 6, 2021, Plaintiff wrote Grievance #211410 asking about his missing grievances. (Doc. 65, p. 26). In response, the grievance officer directed Plaintiff to speak to his counselor or send a request slip to Benitez. Plaintiff was further informed, "[g]rievances are not the appropriate document to use for a request regarding missing grievances." (*Id.* at p. 25). In May, Plaintiff sent a request to the records' office asking for copies of grievances, including the three grievances Plaintiff claims contains complaints regarding his transfer. (Doc. 70, p. 11). Plaintiff was told that the grievances "had not made it into [his] master file yet. Please check back in a few weeks." (*Id.*).

The grievances have never been located, and they were not produced in discovery. At the

---

[3] Plaintiff's request for a copy of this video footage via the grievance process has been denied. (Doc. 110, p. 11).

hearing, Defense Counsel agreed that the grievances were lost. Defendants argue, however, that these grievances could not have served to exhaust Plaintiff's claims because they did not grieve the lack of a medical hold and Plaintiff's transfer to Dixon. Defendants point to Grievance #211410 in which Plaintiff reports that his grievances have gone missing. (Doc. 65, p. 28-27). In Grievance #211410, Plaintiff provides a brief description for each missing grievance, but the descriptions do not include details that Plaintiff was complaining of Defendants' conduct as it relates to a medical hold and transfer. Likewise, the request slips sent to Benitez and the records' office inquiring about the missing grievances include details about his medical condition and lack of proper care, but the request slips do not include complaints regarding his transfer. Defendants argue that Grievance #211410 and the request slips establish that Plaintiff had not grieved the lack of a medical hold and transfer in the missing grievances.

In response, at the hearing, Plaintiff argued that not every detail of the contents of the missing grievances was included in the descriptions provided in Grievance #211410 and the request slips. He further contended that Defendants had not presented evidence refuting his contention that the missing grievances did in fact contain details complaining about Defendants' conduct in relation to the medical hold and transfer.

The Court agrees with Plaintiff. As Plaintiff testified, the descriptions of the missing relevant grievances, Grievances #E-21-2-40, #E-21-2-25, and #21-2-41 in Grievance #211410 and the request slips, were not a complete depiction of everything complained of in each grievance, and the evidence submitted by Defendants is not sufficient to overcome his testimony that the missing grievances grieved his claims in Count 2. Furthermore, it is undisputed that Plaintiff's grievances went missing at some point in the process. The Court therefore concludes that Defendants have failed to meet their burden of proving that Plaintiff had available remedies that

he did not utilize. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). The motions for summary judgment as to Count 2 are denied. (Doc. 56, 64).

## DISPOSITION

For the reasons stated in this Order, the motions for summary judgment on the issue of exhaustion as to Count 2 are **DENIED**. (Doc. 56, 64). The stay on merits discovery is lifted, and a new scheduling order will be entered.

**IT IS SO ORDERED.**

**DATED:   March 4, 2024**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**