IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NIRIN WALLS,<br><br>                          **Plaintiff,**<br><br>v.<br><br>LANA NALEWAJKA, DR. VIPIN SHAH, and DR. JODI PELEGRIN,<br><br>                          **Defendants.** | Case No. 21-CV-01369-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

      Plaintiff Nirin Walls, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that his Eight Amendment rights were violated while he was incarcerated at Centralia Correctional Center. (Doc. 2). Specifically, he alleged that all Defendants acted with deliberate indifference to his serious medical condition and that Defendants Lana Nalewajka and Dr. Jodi Pelegrin failed to impose a medical hold on Walls, resulting in his transfer to another facility and delayed medical care. (*See* Doc. 233). The Court ultimately granted summary judgment in favor of Defendants. (*Id.*). Now pending before the Court is Defendants Dr. Vipin Shah and Dr. Pelegrin's Bill of Costs, (Doc. 235), to which Walls objects, (Doc. 242). For the following reasons, the Bill of Costs is **DENIED**.

      Defendants' Bill of Costs seeks reimbursement of $1,352.65 for costs incurred creating a transcript for this case. (Doc. 235). Pursuant to Federal Rule of Civil

Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. FED. R. CIV. P. 54(d)(1). Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The Court presumes that a prevailing party is entitled to costs as a matter of course but has the discretion to deny or reduce costs where warranted – including the indigency of the non-prevailing party. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). To deny a bill of costs on the grounds of indigency, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The losing party carries the burden of providing the court with "sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635 (internal quotations omitted). "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id*. If the court makes a threshold finding of indigence, it must

then consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Id*. at 635–36.

In this case, Walls moved to proceed *in forma pauperis* before this Court on November 1, 2021, and he included his Trust Fund statement from April 1, 2021, to October 1, 2021. (Doc. 2). After receiving Walls' Trust Fund statement, the Court allowed Walls to proceed *in forma pauperis*. (Doc. 9). Recently, as part of his motion to proceed *in forma pauperis* on appeal, Walls submitted an affidavit about his assets as well as his Trust Fund statement from August 25, 2025, through February 25, 2026, showing that he has only $8.68 in assets. (Doc. 243). Although Walls said that he could receive settlements in other lawsuits, (Doc. 243), the Court finds that such settlements are highly speculative. Based on Walls' current assets and ongoing incarceration, the Court finds that Walls is indigent and incapable of paying the requested costs now or in the future.

Although Walls was unsuccessful on his claims against Defendants, his claims were not frivolous, and he had a good faith basis for prosecuting his lawsuit. Accordingly, Defendants' Bill of Costs, (Doc. 235), is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 3, 2026**

/s/ Stephen P. McGlynn
STEPHEN P. McGLYNN
U.S. District Judge