## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

NIRIN WALLS,

        **Plaintiff,**

v.

        **Case No. 21-CV-01369-SPM**

LANA NALEWAJKA, DR. VIPIN
SHAH, and DR. JODI PELEGRIN,

        **Defendants.**

### MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Plaintiff Nirin Walls' Amended Motion for Leave to Appeal *in forma pauperis* ("IFP"). (Doc. 250). Because Walls has not demonstrated that he intends to raise a substantial issue meriting appellate review, Plaintiff Walls' Amended Motion for Leave to Appeal IFP is **DENIED**.

On February 10, 2026, the Court granted Defendants Dr. Jodi Pelegrin and Dr. Vipin Shah's Motion for Summary Judgment and granted Defendant Lana Nalewajka's Motion for Summary Judgment. (Doc. 233). Walls filed a Notice of Appeal on February 17, 2026, stating Walls' intent to appeal the "whole lawsuit," specifically including the Court's Orders denying appointment of counsel, Motions to Amend, and granting summary judgment for all Defendants. (Doc. 237). On February 27, 2026, and March 2, 2026, Walls moved to appeal IFP. (Docs. 243, 245). In those Motions, instead of identifying the specific issues that he intended to raise on appeal, he listed forty-nine docket numbers, Summary Judgment, and all Motions for

Appointment of Counsel in his first motion, (Doc. 243), and Summary Judgment, Motions for Appointment of Counsel, and "No Access to law library/materials/legs/Documents etc" in his second Motion, (Doc. 245). This Court denied those Motions without prejudice because although Walls was indigent, his blanket lists did not provide the Court with sufficient detail for the Court to determine whether he intended to raise any substantial issues meriting appellate review. (Doc. 247). *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2009) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)) (When deciding IFP motion, a court must determine whether appeal is taken in good faith, meaning that party seeks review of issue that is not clearly frivolous).

This Court ordered that Walls could file an amended motion within twenty-one days stating the specific issues that he intends to raise on appeal. (Doc. 247). Walls filed the instant Motion purporting to clarify the reasons that he wishes to pursue an appeal. (Doc. 250).[1]

Walls' instant Motion suffers from the same defects as his original two Motions. (*See* Docs. 243, 245, 250). In the Motion, Walls merely lists the orders that he intends to appeal from without identifying any specific issue with any order. The Court once again finds that the appeal is not taken in good faith because Walls does raise a substantial issue meriting appellate review.

---

[1] The Court notes that Walls filed the instant Motion two days after the deadline imposed by the Court. (*See* Docs. 247, 250). The Court granted Walls leave to file an amended motion on or before March 24, 2026, and Walls submitted his Motion to prison officials on March 26, 2026. (*See* Docs. 247, 250). Because the Court denies Walls' motion on other grounds, the Court does not address the timeliness of Walls' motion.

Accordingly, Walls' Motion for Leave to Appeal IFP, (Docs. 250), is **DENIED**.

If Walls wishes to contest this Court's finding that the appeal is not taken in good faith, he has thirty days from the date of this Order to apply to the Court of Appeals for the Seventh Circuit for leave to proceed on appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a). The Clerk of Court is **DIRECTED** to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

**DATED: April 16, 2026**

**/s/ Stephen P. McGlynn**
**STEPHEN P. McGLYNN**
**U.S. District Judge**